**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAO JIN, | No. 08-71019 |
| Petitioner, | Agency No. A097-355-246 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Hao Jin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). We grant the petition for review and remand.

Although the IJ found Jin testified credibly that the Chinese court took his family home away from him in partial satisfaction of a civil judgment against his wife, the IJ found Jin's claim that he was targeted for collection of a judgment against his wife not credible. Substantial evidence does not support the IJ's disbelief that Jin had become implicated in his wife's civil matter. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (the articulated reasons "must be substantial and bear a legitimate nexus to the finding.") (citation omitted). Further, the omission from Jin's application of visits by court officials to his workplace does not support the IJ's adverse credibility determination. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005) (failure "to describe all prior incidents of mistreatment and persecution in the early stages of [the] application process" does not support an adverse credibility determination); *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) (a minor inconsistency in identifying the location of a person's persecution will not support an adverse credibility determination). Finally, the IJ did not provide Jin with an opportunity to explain the omission or the other perceived inconsistencies. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (reversing adverse credibility finding, in part because

petitioner "was denied a reasonable opportunity to explain" a perceived inconsistency).

Accordingly, we grant the petition for review and remand, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009); *cf. Chen v. Ashcroft*, 289 F.3d 1113, 1116 (9th Cir. 2002).

**PETITION FOR REVIEW GRANTED.**